# EXHIBIT A

**EXHIBIT A**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2021**

E-Filing Number: 2111034563

**001377**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JEANNE JEAN. CHARLES | WAL-MART STORES, EAST, L.P. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3622 BELLAIRE PLACE<br>PHILADELPHIA PA 19154 | 702 SW 8TH STREET<br>BENTONVILLE AR 72716 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | WAL-MART STORES, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 702 SW 8TH STREET<br>BENTONVILLE AR 72716 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | WAL-MART STORES, EAST, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 702 SW 8TH STREET<br>BENTONVILLE PA 72716 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

NOV 17 2021

S. RICE

IS CASE SUBJECT TO COORDINATION ORDER?
YES    NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JEANNE JEAN CHARLES

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| TYLER TOMLINSON | 777 TOWNSHIP LINE ROAD<br>SUITE 120<br>YARDLEY PA 19067 |
| PHONE NUMBER: (267)907-9600 | FAX NUMBER: (267)907-9659 |  |
| SUPREME COURT IDENTIFICATION NO.<br>76678 | E-MAIL ADDRESS<br>ttomlinson@stark-stark.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*TYLER TOMLINSON* | DATE SUBMITTED<br>Wednesday, November 17, 2021, 08:30 am |

FINAL COPY (Approved by the Prothonotary Clerk)

STARK & STARK
By:   R. Tyler Tomlinson, Esquire
      Attorney I.D. #76678
777 Township Line Road, Suite 120
Yardley, PA 19067
Telephone: 267-907-9600
Fax: 267-907-9659
Email: ttomlinson@stark-stark.com

Attorney for Plaintiffs

*Filed and Attested by the Office of Judicial Records 17 NOV 2021 08:30 am S. RICE*

| | |
|---|---|
| Jeanne Jean Charles<br>3622 Bellaire Place<br>Philadelphia, PA 19154<br>　　　　　Plaintiff<br>　　　v.<br><br>WAL-MART STORES, EAST, L.P.<br>702 SW 8th Street<br>Bentonville, AR 72716<br>　　　　　and<br>WAL-MART STORES, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br>　　　　　and<br>WAL-MART STORES, EAST, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br>　　　　　Defendants | : IN THE COURT OF COMMON PLEAS<br>: OF PHILADELPHIA COUNTY, PA<br>: CIVIL DIVISION<br>:<br>: NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NON JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may be entered against you by the court without further notice for any money claims in this complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAYWER.<br>IF YOU CANNOT AFFORD TO HIRE A LAYWER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>Lawyer Referral and Information Service<br>1101 Market Street, 11th Floor<br>Philadelphia, PA 19107-2911<br>(215) 238-6333 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrtia sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notification. Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisions de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>Lawyer Referral and Information Service<br>1101 Market Street, 11th Floor<br>Philadelphia, PA 19107-2911<br>(215) 238-6333 |

STARK & STARK, P.C.
BY: Tyler Tomlinson, Esquire, Atty I.D. #76678   *Attorneys for Plaintiff*
777 Township Line Road, Suite 120
Yardley, PA 19067
(267) 907-9600 telephone
(267) 907-9659 fax
TTomlinson@stark-stark.com

| | |
|---|---|
| Jeanne Jean Charles<br>3622 Bellaire Place<br>Philadelphia, PA 19154<br>　　　　Plaintiff<br>　　v.<br><br>WAL-MART STORES, EAST, L.P.<br>702 SW 8th Street<br>Bentonville, AR 72716<br>　　and<br>WAL-MART STORES, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br>　　and<br>WAL-MART STORES, EAST, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br>　　　　Defendants | : IN THE COURT OF COMMON PLEAS<br>: OF PHILADELPHIA COUNTY, PA<br>: CIVIL DIVISION<br>:<br>: NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NON JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT
## PREMISES LIABILITY

1. Plaintiff, Jeanne Jean Charles, is an adult individual residing in the Commonwealth of Pennsylvania at 3622 Bellaire Place, Philadelphia, PA 19154.

2. Defendants, Wal-Mart Stores, East, L.P., Wal-Mart Stores, Inc., and Wal-Mart Stores, East, Inc. (hereinafter collectively referred to as "Wal-Mart"), are corporations, fictitious names, or similar entities qualified to do business in the City of Philadelphia and the Commonwealth of Pennsylvania, with a principal place of business at 702 SW 8th Street, Bentonville, Arkansas, 72716.

3. Defendants regularly conduct business in Philadelphia County and are subject to venue here pursuant to Pennsylvania Rule of Civil Procedure 2179.

4867-7892-9155, v. 2                                                                                                    Case ID: 211101377

4. At all times material to Plaintiff's cause of action, Wal-Mart Defendants were the owners, operators, possessors, maintainers and/or in control of the Wal-Mart Store located at in Philadelphia, PA (hereinafter "subject Wal-Mart Store").

5. All of the acts alleged to have been done or not to have been done by the Defendants were done or not done by the Defendants, their agents, servants, workmen and/or employees acting within the course and scope of their employment and authority for and on behalf of said Defendants.

6. On or about December 10, 2020, Plaintiff, was a business invitee of Defendants and the subject Wal-Mart Store and, while exercising due care and caution for her own safety, was walking through the store shopping when suddenly and without warning Plaintiff was caused to slip, trip, stumble and fall due to a large spill of a foreign substance on Defendants' floor in their aisles.

7. As a result of the aforesaid, Plaintiffs sustained serious, painful and permanent injuries as more particularly described herein.

## Count I
## Plaintiff vs. Defendants

8. Plaintiff hereby incorporates the above referenced paragraphs, as fully as though the same were set forth here at length.

9. The negligence and carelessness of the Defendants consisted of the following:

    (a) that although Defendants knew, or in the exercise of reasonable care should have known that such a dangerous and/or hazardous condition existed, Defendants failed to warn Plaintiffs through the posting of warning signs, and gave no notice whatsoever to customers and potential customers including Plaintiffs, of the presence of the dangerous and/or hazardous condition;

    (b) failing to provide a safe premises for patrons such as Plaintiffs under the circumstances then and there existing;

    (c) failing to provide safe and clear aisles at the subject Wal-Mart Store,

particularly in the aisles;

(d) failing to properly supervise maintenance activities on the premises;

(e) failing to identify and remedy the dangerous condition posed by the dangerous conditions and the subject Wal-Mart Store in a timely manner;

(f) failing to take steps to secure or otherwise remedy the dangerous condition posed by the foreign substance in the subject Wal-Mart Store;

(g) failing to warn Plaintiffs, of the existence of the dangerous condition posed by the foreign substance, which Defendants caused and/or allowed to remain in their aisle at the subject Wal-Mart Store;

(h) failing to inspect the premises of the subject Wal-Mart Store to ensure that the dangerous condition posed by the foreign substance in their aisle did not exist on the premises to the point that this would become a dangerous and/or hazardous condition;

(i) allowing the common aisles of the subject Wal-Mart Store to become and remain in a dangerous and/or hazardous condition for unreasonable amounts of time;

(j) failing to use reasonable and prudent care to keep the premises at the subject Wal-Mart Store in a safe condition;

(k) failing to have the premises at the subject Wal-Mart Store inspected at reasonable intervals;

(l) allowing a dangerous and/or hazardous condition to exist on and in the premises of the subject Wal-Mart Store;

(m) failing to instruct their employees, statutory employees and/or agents as to the proper care, maintenance and control of the premises of the subject Wal-Mart Store;

(n) allowing the dangerous condition posed by the spill is the aisle to exist at the subject Wal-Mart Store;

(o) failing to have adequate policies and procedures in place to ensure that the premises of the subject Wal-Mart Store were kept free from hazardous and/or dangerous conditions during the period of time when the public was invited and/or permitted to walk and/or traverse the premises;

(p) failing to ensure that its agents, servants and/or employees followed any existing policies and procedures to ensure that the premises of the subject Wal-Mart Store were kept free from hazardous and/or dangerous conditions during the time when the public was invited and/or permitted to

walk and/or traverse through the premises; and

(q) failing to keep the property owned, occupied, maintained and/or controlled by Defendants, and held open for invitees, in a reasonable and safe condition in violation of various codes, laws and ordinances, including but not limited to applicable Philadelphia codes and ordinances.

10. Defendants knew or should and could have known of the dangerous condition then existing on their premises.

11. Plaintiffs' fall and resultant injuries were caused by the aforesaid acts of negligence on the part of Defendants or their agents, servants and/or employees, who failed to utilize reasonable care in the maintenance of the subject Wal-Mart Store.

12. As a result of the aforesaid, Plaintiff, sustained injuries to her back, neck, head and knees, together with a severe shock to her nerves and nervous system, some or all of which Plaintiff has been advised are or may be permanent in nature.

13. As a result of the accident aforesaid, the Plaintiff has undergone great physical pain and mental anguish and she may continue to endure the same for an indefinite time in the future to her great detriment and loss.

14. As a further result of the accident aforesaid, the Plaintiff has been compelled to expend large sums of money for medicine and medical care in an effort to effect a cure of her injuries, and she may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to her great detriment and loss.

15. As a result of the accident aforesaid, the Plaintiff has been unable to attend to her usual and daily duties and occupation and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

16. As a further result of the aforesaid, Plaintiff has suffered a loss and depreciation of her earnings and earning power, ands he may continue to suffer the same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, Plaintiff demands that judgment be entered against the Defendants, for damages, including, but not limited to, delay damages, interest, and costs of suit for an amount in excess of $50,000.00, and any further relief as the Court may deem just and proper.

                                                **STARK & STARK**
                                                **A Professional Corporation**

                                  By: _____*Tyler Tomlinson*_____
                                         **TYLER TOMLINSON, ESQUIRE**
                              *Attorney for the Plaintiff*

## VERIFICATION

I, Jeanne Jean Charles, verify that the statements made in the foregoing COMPLAINT are true and correct to the best of our knowledge, information, and belief. I, understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsifications to authorities.

                                                *DocuSigned by:*
                                                */s/ Jeanne*
                                                34DEF194FF6745B...
                                       **JEANNE JEAN CHARLES**

